STOUT, Appellant, v. FULTZ, Respondent.

St. Louis Court of Appeals, March 13, 1906.

REPLEVIN: Trespassing Animals. In an action of replevin for possession of a cow taken up and held by the defendant for breaking into defendant's field, the evidence is examined and held to sustain a finding and judgment of the trial court for the defendant.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*C. D. Yancey* for appellant.

BLAND, P. J.—Without giving a bond, the plaintiff brought his suit in replevin before a justice of the peace to recover the value of a one-horned milch cow. He lost in the justice court and appealed to the circuit court, where on a trial anew to the court sitting as a jury, he was again mulcted in the costs. Being doubly aggrieved by his unsuccessful efforts to sell the defendant his cow through the medium of a lawsuit, plaintiff has come to us by the usual route to have the rulings against him in the circuit court reviewed.

Briefly stated, defendant and one Patterson owned adjoining fields separated by an old worm fence less than five feet high and without locks at the corners. Patterson's field was in meadow and was rented to plaintiff. Defendant's field was in corn and "truck patches." Plaintiff's horses, running on the meadow, got over the insufficient fence into defendant's corn-field and did damage, then plaintiff's one-horned cow came along and got over into defendant's corn and proceeded to bite it off and destroy it. Defendant drove her into his barn and locked her up. Plaintiff learned that his cow was locked up in defendant's barn, went to the barn and demanded that defendant turn the cow out. Defendant refused to comply unless plaintiff would first pay him the damage to his growing crops, caused by the horses and cow. The parties then agreed to see a justice of the peace and learn of him whether or not defendant had the right to impound the cow for the payment of his damages, and the justice advised that he had no right to hold the cow. It seems the visit to the justice was on July 29, 1904, at which time defendant gave the plaintiff the following writing: "Settled with Grant Stout on all accounts in full. Signed, J. M. Fultz." Two days later defendant turned the cow out. He testified that he gave the writing and turned the cow out to avoid a lawsuit. Two days after the cow was turned out, plaintiff filed his

complaint before the justice. Plaintiff testified that he had never seen his cow after he saw her in defendant's barn. Other parties testified they had seen her in the woods after defendant turned her out.

The judgment of the court (omitting caption) is as follows:

"Now, at this time this cause coming on regularly to be heard come the parties, plaintiff and defendant, herein, by their respective attorneys, and announce ready for trial. A jury being waived all and singular the matters and things at issue herein are submitted to the court for adjudication, and the court, after hearing the evidence introduced and being fully advised in the premises, doth find that at the time of the filing of this suit the plaintiff was the owner of the cow involved in this suit, and that her value was twenty dollars; that said cow got into the field of defendant by going over the division fence between plaintiff's and defendant's land; that said fence was not a lawful fence, and that defendant had no right to impound the cow at the time he did so, but afterwards the plaintiff and defendant had a settlement of the damages arising out of the matter, and plaintiff paid defendant such damages, and took his receipt therefor, and plaintiff sent a written order to defendant to turn said cow out, which the defendant did prior to the filing of this suit, and therefore nothing remained to be adjusted between plaintiff and defendant.

"Thereupon, on the same day, the court entered the following judgment:

"It is therefore considered, ordered, adjudged and decreed by the court that plaintiff take nothing by his action herein, and that defendant go hence without day and recover of and from plaintiff his costs and charges in this behalf expended and have execution therefor."

The findings of the court are well sustained by the facts, and the judgment on the facts as found is eminently just and proper and should be affirmed.

The judgment is affirmed. All concur.