## F. M. DOUGLAS, Appellant, v. RAY McCLELLAN, Respondent.

### Springfield Court of Appeals, April 4, 1910.

CONVERSION: Compromise. In a suit for conversion of a sow and pigs, it appeared from the evidence that prior to the suit plaintiff and defendant had a controversy as to their respective rights to the animals which defendant claimed to have purchased in good faith and to have fed for some time. The differences were settled by plaintiff agreeing to take the sow and "let it go at that," defendant being willing to surrender the sow then and at all subsequent times. Plaintiff afterwards changed his mind and sued for the value of the sow and pigs. *Held* that the agreement to settle their differences in the manner above stated constituted a consideration and blotted out the conversion, and plaintiff was not entitled to recover.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*A. H. Livingston,* for appellant.

When the defendant comes lawfully into the possession of goods and his conversion of them is only technical and without willful wrong, and the property remains in *statu quo*, evidence of a tender of the goods made to the owner subsequent to such conversion and of his continued readiness to return the property, is admissible in mitigation of the damages, but not as a complete defense to the action. Ward v. Moffett, 38 Mo. App. 395; Sparks v. Purdy, 11 Mo. 219; Gilbert v. Peck,

43 Mo. App. 577; Howell v. Caryl, 50 Mo. App. 441; 2 Jaggard on Torts, 730; Ireland v. Horseman, 65 Mo. 511; Grain Company v. Railway, 176 Mo. 480; Ward v. Morr Co., 119 Mo. App. 83.

*Samuel M. Meeks* for respondent.

NIXON, P. J.—The record in this case recites that the suit was instituted before a justice of the peace to recover the value of one sow and three pigs, the property of the plaintiff, taken by defendant; that judgment in the justice's court was for defendant, and that again before a jury in the circuit court, the verdict and judgment was in favor of the defendant. The plaintiff has appealed.

We gather from the abstract that Douglas sued McClellan for the conversion of a sow and three pigs. It seems that the sow and her progeny strayed from plaintiff's farm some time in September, 1908. In February, 1909, plaintiff discovered her in defendant's field, and saw defendant about the matter. Although plaintiff testified that defendant told him that the sow was brought in from the range with several others by mistake, there is strong evidence tending to show that defendant purchased her from one Lindley. Plaintiff also claimed three pigs which he pointed out to defendant, but defendant convinced him that he was mistaken about the pigs. The evidence conclusively shows that plaintiff then and there agreed to take the sow "and let it go at that," by way of neighborly settlement and said he would come for her the next week, and defendant told him to come and get her and at the time instructed his hired man to let plaintiff have her when he should come. When plaintiff went for the sow, he saw some dead pigs and became convinced that defendant's hogs were diseased and he refused to take the sow and begun suit for conversion.

The case of Stout v. Fultz, 117 Mo. App. 573, 93 S. W. 919, would seem to govern this case. Though the cases are by no means identical, the principle announced may apply equally to this case. In the case at bar, defendant agreed to let plaintiff take the sow which he had fed for some time, and which, according to substantial evidence, he had purchased in good faith. The plaintiff agreed to take the sow "and let it go at that," relinquishing his claim for the pigs. The agreement to settle their differences in this manner constituted a consideration and blotted out the conversion. The defendant was willing at all times to surrender the sow to plaintiff under this agreement.

The judgment below was for the right party and is affirmed. All concur.